## MEADORS v. HUFFMAN.

No. 30340. June 16, 1942.

Rehearing Denied July 7, 1942.

*127 P. 2d 806.*

Clayton B. Pierce, Truman B. Rucker, and Paul C. Duncan, all of Oklahoma City, for plaintiff in error.

A. L. Morrison, of El Reno, and David J. Morrison and John Morrison, both of Oklahoma City, for defendant in error.

CORN, V. C. J. This is an action for damages for personal injuries. The verdict and judgment were for the plaintiff, and the defendant brings this appeal. For convenience the parties are referred to herein as they appeared in the trial court.

It is alleged that the defendant, C. F. Meadors, is the owner of a business building in the 300 block on North Harvey avenue in Oklahoma City; that the plaintiff, in company with three other persons, went into a cafe in the building for the evening meal, and after he had finished his meal he left his companions to go to a rest room located in the rear of the cafe. The rest room was occupied and he went out through the back door into a narrow space between this building and one on an adjoining lot. He walked a few steps to the south from the back door of the cafe and fell into a basement stair well, sustaining injuries from the fall. The outside wall to the staircase was only a few inches above ground and was unguarded by fence or rail. The alleged negligence of the owner of the building in leaving the opening unguarded is the basis of

this action. The plaintiff recovered a verdict and judgment in the sum of $2,250.

The admission in evidence of a city ordinance relating to openings in or adjoining any street, sidewalk, alley, or other public ground, and the giving of certain instructions relating thereto, are submitted as reversible error.

The ordinance referred to is as follows:

"No person, firm or corporation shall leave open or cause to be left open in or adjoining any street, sidewalk, alley, or other public ground, whether paved or unpaved, any vault, tank, area, coal hole, basement, cellar or opening, nor shall any person keep or leave open any cellar door grating, or stairway in front of or alongside of any house, building lot or premises leading down into any vault, cellar, basement or opening of any kind. All such stairways shall be guarded with suitable and secure iron fences and grates not less than three feet in height. The grating or coverings of any such vaults, tanks, areas, coal holes or other openings in the streets, sidewalks, alleys or other public grounds shall be durable gratings or coverings and in no case made of wood. Such stairways, fences, and grates and such gratings or coverings of vaults, tanks, areas, coal holes or other openings shall be kept and maintained in a good and perfect state of repair at all times and shall be constructed and maintained in accordance with and under the direction of the superintendent of the building department."

The trial court instructed the jury in this connection as follows:

"You are further instructed that the ordinance pleaded by the plaintiff and hereinbefore quoted to you was in full force and effect and applicable in the city of Oklahoma City at the time complained of by plaintiff, and in this connection you are further instructed that if you find and believe from a preponderance of the evidence in this case that said alleged passageway was in use by the public, as such, then a violation thereof by the defendant would be negligence per se, or negligence as a matter of law. Under these circumstances it would be the duty of the defendant imposed by said ordinance to guard said opening or stair well in the manner prescribed by the ordinance, in the interest of public safety. If, upon the other hand, you do not find, by a fair preponderance of the evidence in this case, that said passageway was in use by the public at the time the alleged injuries occurred to plaintiff, said ordinance would not apply, and you will, therefore, disregard it."

It is undisputed that the stair well involved is not in or adjacent to any street, sidewalk, alley, or other public ground as shown by the official plat of the city. The plat shows it to be approximately 75 feet from any street, sidewalk, alley, or other ground dedicated to public use. But the plaintiff sought to show that the passageway between these buildings is used by the public and that by reason of public use the ordinance applies to the stair well in question. It does not appear that the superintendent of the building department, or any other municipal authority, has ever taken official cognizance of the applicability of the ordinance to the situation involved in this case. There is no evidence in the record to show that this passageway is used by the public generally for travel or traffic in any manner. On the contrary, the evidence clearly and decisively established the fact that the use is private and not public. It is admitted that tenants and their servants and employees use the same for their own convenience, and that the garbage man and others rendering backdoor service make occasional use of it. However, plats and photographs admitted in evidence show that this narrow passageway between these buildings is forbidden and unsuitable for public use. The space is entirely taken up by a fire escape on one side, descending to the ground, and on the other side of the property line is the stair well, a garbage can platform, back steps and terrace. These obstructions extend from the walls of the respective buildings to the property line, but are interspersed and arranged in such manner as to permit the passage of pedestrians by following a wind-

ing course around and between such obstructions.

The ordinance, therefore, is inapplicable, and was not admissible in evidence for any purpose. It is obvious that its admission was confusing, harmful, and prejudicial, as the jury would naturally conclude, by its admission, that the passageway was regarded by the court as a public alley, and that the ordinance was applicable thereto, and therefore the defendant was guilty of a violation of the same. The instructions complained of told the jury that if they found from the evidence that the passageway was in use by the public, as such, then the ordinance would apply, and a violation thereof by the defendant would be negligence per se, or negligence as a matter of law. We do not regard the evidence as to the alleged public use of the passageway sufficient to justify the admission in evidence of the ordinance, nor the giving of the instruction upon such evidence.

Considering these things together, the instruction, if not tantamount to directing a verdict for the plaintiff, was at least strongly suggestive and persuasive of such action by the jury. If the minds of the jury were influenced by the ordinance and the instruction and believed that the defendant was negligent as a matter of law, they could not at the same time have given proper consideration to the defense of the defendant, including that of contributory negligence.

The judgment is reversed and the cause remanded for a new trial.

WELCH, C. J., and OSBORN, BAYLESS, DAVISON, and GIBSON, JJ., concur. RILEY, J., dissents. HURST and ARNOLD, JJ., absent.